### John H. Payne v. Thomas Cox.

If an affidavit on a first application for a continuance for the want of material testimony, state facts which show that no diligence would have been successful, the effect is the same as if due diligence had been used.

Appeal from Goliad. In the Court below, the defendant, who is appellant in this Court, at the Term to which the citation was returned, asked for a continuance, on the following affidavit: "That he could not go safely to trial this Term, for "want of testimony material to the case; that the witnesses "for the defendant were not residents of said county; that "one of the said witnesses lives in Brownsville, Cameron "county, and that the other witness lives on the Guadalupe, "in DeWitt county; that the testimony of both said winesses "is material to the defendant in the said case, and it was im- "possible for the defendant to obtain the testimony of said "witnesses at this Term of the Court." The citation was

returned "served with a copy of writ and petition, May 2d, 1854." The Term of Court commenced May 20th, and the case was called for trial on the 25th. The continuance was refused and there was a verdict and judgment for the plaintiff. Defendant moved for a new trial, on the ground of surprise by being forced into a trial, and fortified his motion by an affidavit that he was not aware of the pendency of the suit until ten days before the commencement of the Term, being absent from home, and copies of citation and petition were left at his residence. This motion was refused and defendant appealed.

*F. Faunt Le Roy*, for appellant. It is often the practice of attorneys to have subpœnas issued immediately before the application for a continuance, that the fact may be stated in the affidavit; but this is a mere sham, and it is time the Courts were putting an end to such practice. It is believed that the meaning of the statute is this: that when the party applying for a continuance has had time to procure his testimony by the exercise of due or reasonable diligence, then he must state that he has used such diligence, and what it was, that the Court may be assured that he has acted honestly, in good faith, and has not slept on his rights. It is the object of the statute to prevent unjust and dishonest continuances. As to reasonable act see Bouv. Law Dic.; Ben. & Slid. Dig. 153, Sec. 22.

LIPSCOMB, J. It will be seen by reference to the statute, that on application for a first continuance, the party applying for the same, shall make affidavit, "that he has used due diligence to procure said testimony, stating such diligence." (Hart. Dig. Art. 815.) The affidavit is not in the precise terms of the statute, because the affiant does not swear that he has used due diligence, nor what that diligence was; but it would seem that the spirit of the statute had been complied with, where the affidavit is to facts that would show that any efforts to obtain the testimony, would be vain and useless. If

the affiant had caused subpœnas to have been issued, it would have been held sufficient diligence, under the strictest construction of the statute; yet, how vain and useless and entirely hopeless of success, would it have been in this case, to have issued subpœnas. We believe the facts sworn to, show that no diligence would have been successful, and the object of the statute being to prevent frivolous grounds of continuance, to the delay of trial, that its object is sufficiently secured by the affidavit as made, and that the cause ought to have been continued.

Reversed and remanded.