## T. A. KIRKLAND v. MIKE SULLIVAN.

PRACTICE—TRIAL OF CAUSES.—A party to a suit cannot be arbitrarily required to go into the trial of his cause when the same is called out of its regular order, and before the causes having precedence on the docket have been tried, postponed, set, or heeled. Such a course is warranted by no principle of procedure prescribed by law, and is error for which a judgment will be reversed.

APPEAL from Lamar. Tried below before the Hon. John C. Easton.

*Wright & McDonald,* for appellant.

*Jackson & Jackson,* for appellee.

ROBERTS, CHIEF JUSTICE.—This is a suit upon two due bills, in which an attachment was sued out and levied upon personal property.

The suit was filed six days before the commencement of the term of the court.

The defendant filed an answer containing a general denial and a plea of reconvention, setting up a claim for damages for the wrongful suing out of the writ of attachment, about one month after which a judgment was rendered, upon a trial of the case, in favor of the plaintiff below, Mike Sullivan. It appears by a bill of exceptions and a statement of facts signed by the judge that this case was called out of its order, being on the appearance-docket for that term after a plea had been filed, and when there

were many cases, at least one hundred, on the trial docket, which, for the want of time, had not been called, continued, or tried. The defendant objected to the trial of the case at that time because there was an answer filed and the case had not been reached in the regular call of the docket, which objection was overruled, and the defendant was forced into a trial of the case. The defendant then, as appears by another bill of exceptions, made an application for a continuance for the want of material evidence, which was the testimony of two witnesses, residents of said Lamar county, for whom he had caused subpœnas to be issued as soon as the plaintiff and defendant were informed by the court that this cause would be called for trial, which was one or two days before the case was tried, which were not served by the sheriff on account of the temporary absence of the witnesses. Defendant stated in his application that he had a meritorious defense to plaintiff's demand, besides other facts usually stated in a first application for a continuance. This application did not show due diligence if it was proper to then call the case for trial, but it might have been sufficient if the case had been delayed until it was reached in the regular call of the docket. This application for continuance was overruled by the court, and defendant required to then go to trial, to which rulings defendant excepted, as it appears in his bill of exceptions.

The judgment entry recites that "this day came the parties, by their attorneys, and announced ready for trial, whereupon came a jury," &c., but the statement of facts made and signed by the judge shows that defendant produced no witnesses in support of his answer, and other facts in connection with the bills of exception, to show that this is a misrecital by the clerk, and that defendant was required to go to trial against his consent, and without being prepared with his evidence, which he had sworn to be material to support a meritorious defense.

We know of no authority of law by which the defendant

was required to go into trial under the circumstances developed in the record as here presented.

It is provided by our statute regulating the order of business and proceeding in the District Court, that "All suits in which answers are filed in due time shall be tried or disposed of in the order in which they stand on the docket or were filed, unless otherwise ordered by the court, with the consent of the parties or their attorneys." (Paschal's Dig., art. 1461.)

In all cases (except appeals from justices' courts and in those where there is service by publication) in which there has been due service of process on the defendant according to law, or an appearance has been made, "in which the defendant has not filed his plea on or before the fourth day of the term of the court, the plaintiff may, at any time after said fourth day, have a final judgment against the defendant" by default, and, if necessary, have a writ of inquiry to assess the damages. (Paschal's Dig., art. 1508.)

These are the provisions of law relating to the subject, except those in reference to applications for continuance, and they furnish no authority for the action of the court in this case. It does not present the case of an ordinary discretion of calling a case in its regular order after the postponement, setting, or heeling of other preceding cases, but of an arbitrary calling up of a case out of its order upon some principle of procedure not prescribed by law, and against its plain letter and spirit, under all the circumstances as shown in the record; for which the judgment then rendered will be reversed and the cause remanded.

REVERSED AND REMANDED.