### F. L. PRICE AND WIFE V. N. O. LAUVE.

1. CALL OF CASES FOR TRIAL—PRACTICE IN DISTRICT COURT.—Although it be error to enforce the trial of a case, save when called regularly in its order on the docket, yet it is not ground for reversal, unless it is apparent that the case was not tried in its regular order, but was in fact tried at another time, and that such action of the court was at the time excepted to.

2. EXCEPTIONS—PRACTICE.—Exceptions to the action of the court (as setting a case for a future day of the term) must be taken at the time of such act of the court, and the exception noted. The bill of exceptions so taken and noted may be, by consent of the court, drawn up and signed at any time during the term.

3. CONTINUANCE—DILIGENCE—MATERIALITY.—An affidavit for continuance, showing sufficient reasons for want of diligence on first application for continuance, yet showing that the testimony is immaterial to the issues made by the pleading, may properly be overruled.

4. SAME—RESOLUTIONS OF BAR MEETING.—Such resolutions touching the disposition of cases invoked in an application for continuance, and not as a written agreement filed in the case, will not be enforced.

5. VENDOR'S LIEN—EXPRESS LIEN—ADDITIONAL SECURITY.—Where the documents evidencing a sale of lands show that a lien for the purchase-money is reserved on the land sold, and that additional security, in form of a trust deed for other lands, was to be given, the taking of such security does not affect the lien expressed as reserved upon the land. To such express lien, the rules of equity touching the vendor's lien do not apply.

6. PRACTICE—ORDER IN WHICH SALE OF SEVERAL TRACTS SHALL BE MADE.—Where suit is brought to foreclose a mortgage upon several tracts of land, and the defendant makes no request as to the order in which he desires the tracts to be sold, he cannot, on appeal, object to the action of the court in determining such order in which the several tracts are to be sold.

APPEAL from Galveston. Tried below before the Hon. A. P. McCormick.

February 11, 1876, N. O. Lauve sued Price and wife on their joint note for $634.86, executed October 30, 1874, and due one year thereafter, and to enforce the vendor's lien on a lot in Galveston for which the note was given.

It was alleged, that, as a further security for the payment

of the note, defendants had executed to trustees a trust deed on 250 acres of land in Gonzales county, which the parties, by consent, had made efforts to sell for account of the debt, foreclosure of which was also asked.

By amendment, filed February 26, plaintiff alleged that the trust deed was executed December 23, 1874, pursuant to the original agreement of October 30, 1874, as further security for the note.

February 25, 1876, defendants pleaded general demurrer; special exception for misjoinder of causes of action and of parties; special denial of existence of the vendor's lien on the Galveston lot; and plea of waiver and abandonment thereof on the 23d of December, 1874, by acceptance of said trust deed on the Gonzales land in lieu of said lien—said land being sufficient in value to pay the note; and general denial.

When the case was called on default day, 25th of February, an order was made setting the case for March 8.

On March 8, defendants made an application for continuance, for the want of testimony of Alonzo Bass, of Gonzales county, which was material to the defense; that Bass was perfectly familiar with the locality and value of the Gonzales tract covered by the trust deed. The application set out facts from which it was insisted that no diligence would have secured the witness. In other respects, the statutory requisites of a first application were complied with.

The application further stated, " that, under a resolution of the bar uniformly observed up to the calling of this case, the rule had been to pass, in the call of the default docket, all cases wherein meritorious defenses were filed, for setting at a bar meeting; that such a defense was filed in this case; that in disregard of the rule, defendants, to their surprise and disadvantage, were forced to submit to the setting of the case for said 8th of March; that on the day preceding the call of the default docket, the bar adopted a resolution that cases should be set only by consent of parties for the term, which

was understood by the defendants, in common with others of the bar, to apply to appearance cases as well as default cases; and that defendants were surprised at the disregard of said rule in this particular case."

The application was overruled, and defendants excepted; the judge signing and sealing the bill of exceptions to the ruling.

The record shows that when the case was called on default day, it was not tried or disposed of. The only evidence of the court ordering otherwise, is the sworn application for continuance.

On the trial, in addition to the note declared on, the deed for the Galveston lot, from Lauve to Mrs. Price, was read, and the mortgage as set out in the pleadings in the Gonzales land.

The deed from Lauve to Mrs. Price recited that the note sued on is secured by vendor's lien on the Galveston property "and deed of trust on county land." It makes no other reference to any security for the note, other than the vendor's lien. It is dated October 30, 1874. The trust deed was of about two months later date, (December 23, 1874,) and it recites that it was made for the security and enforcement of the payment of the note of October 30; and that in default of payment the land shall be sold, and the note paid out of the proceeds. It does not indicate that the vendor's lien still subsists as security for the note.

Truehart, one of the trustees named in the trust deed, testified that he negotiated the sale to Mrs. Price, and that the trust deed of the 23d of December was given, " as he understood it," in pursuance of agreement of October 30; that it was not executed earlier, because of his effort to learn the value and title of the land in Gonzales county, before " taking it as security for the payment of the note," and also because Price had instructed him to sell the land and pay the note at once.

L. F. Price testified that the Gonzales land was worth as

much or more than the face of the note, and that the trust deed was given to secure the note. He said that when the trust deed was executed, (December 23, 1874,) nothing was said about abandoning or retaining the vendor's lien. The Galveston property was worth $5,000.

The court charged the jury, that "when the deed does, as in this case, show upon its face that the vendor's lien on the land sold and additional security were stipulated for, the taking of such additional security would not, and does not, raise any presumption of the waiver of such vendor's lien. The evidence of the plaintiff shows him entitled to recover the amount of the notes and interest sued on, and that he has a vendor's lien on the Galveston lot, and a mortgage lien on the land in Gonzales county; and you will so find by your verdict."

There was a verdict for plaintiff against L. F. Price for amount of the note, and a finding of the vendor's lien against the interest of both defendants in the Galveston lot, and a mortgage lien on the Gonzales county lands.

Judgment accordingly, and ordering sale of the Galveston lot, to be sold first.

Defendants appealed.

*F. C. Hume*, for appellant.

I. The court erred in forcing the case to trial out of its order.

1. Where a suit to which answer has been filed is reached on the call of the docket, it must be tried or disposed of, unless otherwise ordered by the court, with consent of parties. (Paschal's Dig., 1461; McCoy *v.* Jones, 9 Tex., 366; Thomas *v.* The State, 36 Tex., 316; Kirkland *v.* Sullivan, 43 Tex., 233.)

2. Where the record of a cause shows that it was not tried or disposed of when called, and that it was set by the court for a future day, it is not necessary that a bill of exceptions be taken to the order at the time. It is sufficient to save the point, if a bill, alleging want of consent to the setting, is sub-

sequently allowed by the judge, without qualification. (Dangerfield *v.* Paschal, 20 Tex., 544.)

II. On the first application for continuance for want of material testimony, it is not discretionary with the court to refuse the application, if it appear therefrom either that due diligence has been used to procure the testimony, or that no diligence could have been effective. (Paschal's Dig., 1509; Hipp *v.* Bissell, 3 Tex., 18; Prewitt *v.* Everett, 10 Tex., 284; Payne *v.* Cox, 13 Tex., 480; Dangerfield *v.* Paschal, 20 Tex., 554.)

III. The court erred in charging the jury, that " when the deed does, as in this case, show upon its face that the vendor's lien on the land sold and additional security were stipulated for, the taking of such additional security would not, and does not, raise any presumption of the waiver of such vendor's lien. The evidence of the plaintiff shows him entitled to recover the amount of the notes and interest sued on, and that he has a vendor's lien on the Galveston property, and a mortgage lien on the land in Gonzales county; and you will so find by your verdict."

Because such instructions deprived the jury of its lawful functions of determining whether the lien on the Galveston property was waived by taking security on the land in Gonzales county. (Paschal's Dig., 1464; Reynolds *v.* Williams, 1 Tex., 312; Cobb *v.* Beall, 1 Tex., 346; Williams *v.* Davidson, 43 Tex., 39; Shelby *v.* Perrin, 18 Tex., 517; Parker Co. *v.* Sewell, 24 Tex., 238; Wasson *v.* Davis, 34 Tex., 166; Brown *v.* Christie, 35 Tex., 690; McDonough *v.* Cross, 40 Tex., 286; Ellis *v.* Singletary, 45 Tex., 27; Faver *v.* Robinson, 46 Tex., 206; 2 Sugd. on Vend., 384; 2 Story's Eq. Jur., sec. 1226, and notes.)

IV. The court should have directed the sale of the Gonzales land, being the less valuable, and sufficient to discharge the judgment.

*Robert Street,* for appellee.

I. The presumption is, that the case was regularly set down

for trial, at request of the parties.    (Paschal's Dig., 1461; 1 Greenl. Ev., 319.)

II. Where the application for continuance sets out the evidence, if it is immaterial, the continuance should be refused. (Williams *v.* Talbot, 27 Tex., 167.)

The second ground for continuance, surprise at the disregard by plaintiff of the rule adopted at the bar meeting making the term a consent term, was not legal ground; and being addressed to the discretion of the court, its action will not be revised.    (Paschal's Dig., 1509; Lewis *v.* Williams, 15 Tex., 48; Trammell *v.* Pilgrim, 20 Tex., 158; Griffin *v.* Chadwick, 44 Tex., 406.)

There being no evidence to support the claim of defendants, and the testimony for plaintiff being clear and uncontradicted on all the issues, the court properly instructed the jury to find for the plaintiff.    (Lea *v.* Hernandez, 10 Tex., 139; Hollingsworth *v.* Holshousen, 17 Tex., 47; Parker *v.* Leman, 10 Tex., 117; McGreal *v.* Wilson, 9 Tex., 429; Roddy *v.* Kingsbury, 5 Tex., 152.)

MOORE, ASSOCIATE JUSTICE.—This case having been submitted for decision on argument and briefs under and in conformity with the recent rules adopted by this court, it is only necessary, for its disposition, to determine the propositions presented by appellants and the counter-propositions of appellee, or such of them as are found essential for the proper determination of the case.    And in doing this, we need not look into the transcript, but may take the statements made by the parties as a correct presentation of its contents, relating to or bearing upon the points respectively relied upon by them for the reversal or affirmance of the judgment.

1.  Conceding that "when a suit to which answer has been filed is reached on the call of the docket, it must be tried or disposed of, unless otherwise ordered by the court, with consent of parties"; and that the forcing of a case to trial out of the order in which it stands upon the docket by the court,

over the objection of one of the parties, is error for which, of itself, the judgment should be reversed, (which, speaking for myself, I must say I cannot admit,)—this can only be done where it plainly appears that the case was not in fact tried when reached on the call of the docket, but at some other time; and that the order of the court by which it was disposed of otherwise than when reached on the call of the docket, was objected to and exception taken at the time; otherwise consent or acquiescence in the action of the court must be presumed. The sounding of appearance cases for the entry of default, where answers are not filed, is not the call of the docket for the trial or disposition of cases in their order, as directed in the statute to which we are referred by appellants; (Paschal's Dig., art. 1461; Kirkland *v.* Sullivan, 43 Tex., 233;) and we cannot say, from the matters stated by appellants, that the case was not in fact tried when regularly reached on the call of the docket. All cases having precedence of it, for aught we can say, may have been disposed of before this case was called for trial; and certainly it does not appear that an exception was taken to the action of the court in setting the case for trial at the time indicated. Nor if it should be conceded that the matters stated in the affidavit for continuance are admitted by the presiding judge to be correctly stated, by signing the bill of exception, do they tend to show that appellants excepted to the order of the court setting the case for a subsequent day of the term.

2. What has been said virtually disposes of appellants' second proposition under the first assignment of error. Where exception to a ruling is necessary to authorize a party to assign error upon it, exception must unquestionably be taken, and the point saved, at the time the ruling complained of is made. By consent of the court, the bill of exceptions may of course be drawn and signed at any time during the term. That appellants may not have consented to the setting of the case, or may have actually objected to and opposed it, is of no moment, unless they manifested their objection by notify-

ing the court that they desired their objection to become a matter of record by bill of exception; and the court could not, if it so intended or desired, give them the benefit of an exception to the ruling at a subsequent stage of the case, or by a bill showing a want of consent to its ruling. If so, the status of the case might be materially changed, and the interest of appellee affected, without his consent, and after it might be too late to relieve himself from the dilemma into which he might have been led by the failure of appellants to except at the proper time.

3. Unquestionably, if an affidavit for a first continuance is in strict conformity with the statute, and shows that due diligence has been used to procure the desired testimony, it is not discretionary with the court to grant or refuse the application; and it may be admitted, that where the affidavit shows that the desired testimony could not have been procured by any possible diligence whatever, the application should be regarded as coming just as fully within the statute as if due diligence had been clearly and directly shown. (Payne *v.* Cox, 13 Tex., 480.) The refusal to grant a continuance when asked for on an affidavit of this character, no one will deny, is error for which the judgment should be reversed, unless it plainly appears that appellants could not possibly have suffered any injury thereby. But was the affidavit in question such as to entitle appellants to a continuance under the statute? It shows no diligence whatever to procure the desired testimony; but, though not so full and explicit as it should have been, we think it reasonably appears, from it and the facts shown by the record, that the testimony could not probably have been procured by the use of any ordinary or reasonable diligence. The affidavit also states that the testimony of the witness was material to aid the defense pleaded; and had it stopped with this averment, the application should, we think, have been allowed. But the statement in the affidavit, that the testimony of the absent witness is material, is not absolute and unqualified. It does not stand alone,

6

but is qualified by the recital of the facts known to the witness, and which we must infer were desired to be proved by him. If so, an inspection of the petition and answer clearly shows that the testimony was in fact irrelevant to any issue in the case. The application, therefore, in this particular, was not a statutory application for a first continuance, but presented matters for the exercise of the discretion of the court, and in exercise of which the application for continuance was properly overruled.

4. Nor do we think the second ground presented by the affidavit for continuance entitled to a more favorable consideration. If the court either could or should have enforced what is claimed to be the uniformly-observed practice under regulations of the bar, the nature and character of these regulations were not shown. It may be inferred, but it is not made to appear that the court knew of the resolutions which are said to have been adopted by the bar, or had ever recognized them as of any force and efficacy in any particular case, unless by consent of attorneys in the case, or when presented to it in the form of a written agreement in the case in which they were asked to be enforced; and certainly we cannot tell, from anything stated to us, whether they were violated by the setting of this case for trial, as was done, or not. As the application in this particular was addressed to the discretion of the court, it was necessary for appellants to have stated sufficient facts to enable the court to see that some injustice would be done them if forced to trial under the circumstances and at the time the case was called. This was not done; and it has not been made apparent to us that appellants were injured or have suffered any injustice by the call and trial of the case.

5. No injury was done appellants by the charge of the court complained of. The deed of appellee to Mrs. Price shows, that, by the terms of the contract, the note sued on was to be secured by a lien on the property in consideration of which it was given, and also by a deed of trust upon

"county land." To hold, therefore, that appellee, by accepting the deed of trust, waived the lien upon the property in part payment of which the note was given, would be to hold that the mere compliance with the contract defeated and destroyed one of its essential stipulations. To state such a proposition is to answer it. It is not alleged that any other deed of trust upon "county land" had been executed to secure the note, as stipulated and shown by the recitals of the deed from appellee, but the defense insisted upon, is that the trust deed referred to in this suit was executed subsequently to the deed to Mrs. Price; that it should not be regarded as given under and in fulfillment of the terms of the original contract, but as a subsequent and independent security for the note, the acceptance of which by appellee abrogated the preëxisting lien on the property in part payment of which the note was given. To support this proposition, we are referred to the familiar rule of equity, that a vendor's lien will not be implied for the payment of the purchase-money, if other security than the land is stipulated for in the contract. But no authority has been adduced or cited, showing that where the vendor's lien is implied from the terms of the sale, the subsequent acceptance of another security is a waiver or release of it, which is the proposition insisted on by appellants. It is, however, not necessary in this case for us to decide whether such is its effect or not. The lien upon the property sold by appellee, although so called in the deed and note, is not in fact a vendor's lien, properly speaking, but an express contract lien, stipulated for and reserved in the deed conveying the land for which the note sued on was given. (White *v.* Downs, 40 Tex., 231.) And the doctrine of waiver of the vendor's lien which equity implies in the absence of security for the payment of the purchase-money, is wholly inapplicable. This being the case, appellants' entire defense falls to the ground; and the charge of the court, if erroneous, is immaterial. But if a new and independent security not stipulated for in the original contract would have

the effect of a waiver of the so-called vendor's lien, and we leave out of view the parol testimony which went to the jury, there can, we think, be no reasonable ground of doubt to say that the deed of trust upon which this action was in part brought, though executed subsequent to. the deed, was not given in compliance with the understanding of the parties, that the note sued on should be secured by a trust deed upon "county land," as well as by a lien on the lots for which it was given. If so, there can be no question that the legal effect of the written evidence in the case authorizes the charge of which appellants complain; for certainly the parol testimony in no way tends to prove that the lien on the property sold appellants, stipulated for and expressly retained in the deed to Mrs. Price, had been released, or that there is anything in it tending to rebut the presumption to be drawn from the written evidence in the case, that appellee was entitled to the so-called vendor's lien, as well as that given by the trust deed. This being the fact, there was no material error in the charge. (Lea *v.* Hernandez, 10 Tex., 137; Parker *v.* Leman, 10 Tex., 117; Hollingsworth *v.* Holshousen, 17 Tex., 47.)

6. Appellants not having asked for the sale of the property in the deed of trust before a sale of that conveyed by the deed of appellee to Mrs. Price, they cannot now object to the decree on this account. Appellants should, we think, if no good reason was shown to the contrary, have been allowed, if they had asked to do so, to indicate the order in which the property should be sold; but as they failed to do this, there was no error in the court doing it by its decree.

There is no error shown in the judgment, and it is therefore affirmed.

AFFIRMED.