CENTRAL AND MONTGOMERY RAILROAD CO. v. W. F. HENNING ET AL.

1. CONTINUANCE—SURPRISE.—See statement and opinion for facts, pleaded in an amended petition, which, considered with reference to the original cause of action, entitled the defendant to a continuance on the ground of surprise. See the statement of the case for an application for continuance which excused the statutory diligence required to procure testimony.

2. LABORER'S LIEN—CONSTITUTIONAL LAW.—Section 35 of article 16 of the Constitution of 1876 did not give to laborers on railroads a lien on the property of the company on which they labored, as was provided by article 37 to mechanics, artisans, and material-men.

3. MECHANIC'S LIEN.—The lien given to mechanics and workmen by the act of February 18, 1879, was intended to apply only to labor done or materials furnished after the passage of that act.

4. RAILWAY—LEVY.—Under the act of December 19, 1857, (Paschal's Dig., arts. 4912–4914,) the railroad track, franchise, and chartered powers and privileges of a railway company were deemed an entire thing, and a levy was held to embrace the whole road-bed and track, whether situated in one county or not, and the same could be advertised and sold at the court-house door of the county of the principal office.

APPEAL from Grimes. Tried below before the Hon. W. D. Wood.

W. F. Henning, on the 16th of May, 1879, brought suit against F. A. Hyatt and the Central and Montgomery Railroad Company on an instrument of writing as follows:

"$551.56.                    NAVASOTA, TEXAS, *May* 12, 1879.

F. A. HYATT: Please pay to W. F. Henning, or order, the sum of five hundred and fifty-one dollars and fifty-six cents, on account of work done on C. & M. R. R.

(Signed)                        E. SIMPSON."

This was accepted by F. A. Hyatt, in writing across the face of it, and signed by him. In his original petition appellee alleged that Hyatt was a contractor with the Central and Montgomery Railroad Company, and that Simpson, who drew the draft or order, was a sub-contractor under Hyatt; that the sum of money mentioned in the draft was for work and labor done by appellee in and upon the construction of the railroad of the company, at the instance and special request of Simpson and Hyatt; that the work was of the character and kind to be performed by Hyatt under his contract with the company; that the contract between Hyatt and the company was in writing; that the company was largely indebted to Hyatt; that the amount claimed by the appellee was due and unpaid, and that, being for wages, it was, under the law, a lien upon the road-bed

and other property of the company; that, under the written contract between Hyatt and the company, Hyatt had a lien upon the road-bed and other property of the company for the amount the company should owe Hyatt for the construction of the road of said company; that the amount the company owed Hyatt was largely more than the sum due appellee, and that appellee, to the extent of his demand, was subrogated to all the rights and equities that Hyatt was entitled to against the company, including the lien that Hyatt, by virtue of his written contract, had against the company.

The general demurrer of the defendant-company to this petition was sustained, and appellee on the 10th of June, 1879, by leave of the court, filed his first amended original petition, in which he dismissed as to Hyatt, and alleged that about the 15th of January, 1879, the Central and Montgomery Railroad Company, through its agents, hired appellee to do certain work and labor for it in the construction of its railroad from Navasota, in Grimes county, to Montgomery, in Montgomery county, Texas, to wit, to assist in building certain bridges and culverts for the company; that for this work and labor the company undertook and agreed to pay him $150 per month wages, to be paid monthly; that under this employment he labored for the company from the date of his employment three months and twenty-one days, or until the 5th day of May, 1879, for which his wages amounted to $551.36; that E. Simpson had been employed by the company to erect and construct or to superintend the erection and construction of bridges, &c., and that appellee was employed to work under Simpson in the erection of the bridges, &c.; that F. A. Hyatt was, at the time of the employment of appellee, vice-president of the railroad company, and as such, "or as contractor, or in some other way not known to appellee," was the agent of the company, and as such acted for it in employing laborers, in procuring ties and material, and in doing other things necessary to be done in order to build the railroad and to put the same in running order; that Hyatt, as agent, was by the com-

pany authorized to and did make settlements with the employees, laborers, and others dealing with it, and with him, as agent for the company, and gave such employees, laborers, &c., written statements showing the amounts due such laborers, employees, &c., which written statements, in the form of certificates, due bills, &c., showed the dates of settlements and the amounts due. Hyatt, as agent of the company, was in the habit of signing his name to same, sometimes appending the word "contractor," and sometimes without adding anything after his name; that such written statements were generally accepted, acknowledged, and otherwise ratified and adopted by the company, and binding upon it; that in pursuance of this uniform course of dealing by the company and Hyatt, appellee, on the 12th day of May, 1879, procured a settlement and statement of his account against the company for the wages due him, and that Hyatt gave him a written statement of the amount in the form of a written acceptance by him of an order drawn on him by E. Simpson in favor of appellee; that the statement was a just and correct statement of the amount due appellee for wages, and that the company were estopped by their acts from denying it; that the company justly owed appellee the demand claimed by him as wages, and refused to pay it, though often demanded, and that it was due and unpaid; that all of the sum, except the amount of $165, was for wages due for work done after the 18th day of February, 1879, and that amount was for wages due from the date of his employment up to the 18th of February, 1879. Appellee claimed a lien for the whole of his debt, but asked, in the event the court should hold that he was not entitled to his lien for the $165, that his lien should be enforced and foreclosed for the balance for wages due after the 18th of February, 1879.

On the 16th of May, 1879, thirteen other parties intervened in the suit. They alleged that they were lien-holders for wages due them respectively for work and labor done upon the railroad, each to the amount stated in the plea for each one of

them respectively, and all of them evidenced by existing acceptances of Hyatt, except parties named, who sue upon accounts itemized and verified by their affidavits respectively. Intervenors, in their original plea, alleged that Hyatt had a written contract with the company, and that, as contractor or agent of the company, he employed them to labor on the road, agreeing to pay them wages; that the wages were due, unpaid, and owing. On the 22d of May, 1879, the Central and Montgomery Railroad Company filed demurrer to the plea of intervenors, which was sustained by the court below.

The railroad company filed a general demurrer to plaintiff's first amended original petition, and special exceptions that Hyatt was a necessary party, and that the rights of the parties could not be properly ascertained and determined without his being made a party to the suit. Also, for answer, a general denial; and, for special answer, that Hyatt was not the agent of the company, but a contractor. These pleas, filed June 10, 1879, were overruled.

The appellant then filed a motion for continuance, stating that the first amended original petition, just filed, presented an entirely new course of action, in that "plaintiff's original petition sought to recover on a contract made with F. A. Hyatt, who is alleged by said petition to be a contractor with this defendant to build its road, and to have employed plaintiff to do and perform certain work on said road of certain value, and claiming a lien on defendant's road under the law regulating the wages due by contractors and sub-contractors, while the amended petition sets up that defendant employed plaintiff and contracted to pay him specified wages; that it sets up a new cause of action, asserting new rights and a new contract as to parties, is a surprise on the defendant, and it is not now prepared to present its defense to the charge of a personal contract with plaintiff, and is surprised by the allegation that it contracted with plaintiff,"—which motion was overruled, and defendant took a bill of exceptions.

This amendment was filed on the same day that defendant was to go to trial.

In addition to the facts set out as contained in the motion for continuance on the ground of surprise, it proceeded to state that " F. A. Hyatt, the co-defendant, resides in the county of Grimes, and left this county just before the beginning of this term of the court, to be absent only a short time, and this defendant has constantly expected the said Hyatt to return to this county and be present at this trial; that he was absent when defendant was served with process and has not since returned, though daily expected; that he is not absent by the procurement or consent of this defendant, nor does this defendant know certainly where he is, but is informed that he is in Orange county, Texas; that this defendant, on the Saturday before this court began, inquired of said Hyatt's wife when he would return, and was informed that he would be back the week of this court, and this defendant has relied on his presence at this term, and no diligence which it could have exercised was reasonably calculated to have procured his testimony, as he was on a flying trip to the eastern portion of this State; that his evidence is material to this defendant's defense, and it cannot go safely to trial without him; that he expects to procure his testimony by the next term of this court; that this defendant has a good and valid defense to the suit as brought; that this motion is not made for delay, but that justice may be done."

The petition of plaintiff alleged that F. A. Hyatt was a resident of Grimes county, but temporarily in Orange county.

This application was refused by the court. The case was tried by the court without a jury, and a judgment rendered in favor of the plaintiff for $551.06, and in favor of the intervenors for various sums; that the several amounts were for work and labor on the defendant's road, performed at the special instance of the company, and were a lien prior to all other liens which have accrued since February 18, 1878, upon the Central and Montgomery Railroad, beginning at Navasota,

Grimes county, and extending on through the county of Grimes to Montgomery, in the county of Montgomery, and upon its equipments, for said wages, for foreclosure of the lien, and for an order of sale to the sheriff or any constable of Grimes county, commanding him to sell said railroad and its equipments, or as much as may be necessary to pay the amount due the plaintiff and the amounts due each of the intervenors.

*Hutcheson & Carrington,* for appellant.

I. The court erred in refusing defendant a continuance of this cause, in view of the fact that plaintiff's first amended original petition, filed just before going into trial, after the court had been in session two and one-half weeks, set up a new and entirely distinct cause of action from his original petition, requiring of defendant evidence to rebut it, for producing which it was not put upon any diligence by previous pleadings, was a surprise on its face, and the defendant was entitled to continuance on that ground. (*Turner v.* Lambeth, 2 Tex., 371; *Cowan v.* Williams, 49 Tex., 396.)

II. The court erred in refusing continuance on the ground stated in the application in regard to the absence of the witness and contractor, F. A. Wyatt, and the materiality of his testimony. (*Payne v.* Cox, 13 Tex., 481; *Price v.* Lauve, 49 Tex., 81.)

III. The law clearly contemplates wages due on work done subsequently to the passage of the act, and in giving a lien for that portion of wages earned anterior to that date, the court exceeded the provisions of the law. (*Taylor v.* Duncan, Dallam, 515; Cooley's Const. Lim., p. 370; Potter's Dwarris on Stats., p. 145; 1 Kent's Comm., 162.)

IV. If the construction given the act by the lower court is legitimate, then the act itself is unconstitutional, and the Legislature can as well enact that all debts due for goods bought heretofore shall be a lien on the property of the debtor, as that wages theretofore earned shall be. Either would be making for the parties a contract which they did not themselves make or

contemplate, and is not within the scope of legislation, because retroactive. (Const. of Texas, art. 1, Bill of Rights, p. 16; Sutherland *v.* De Leon, 1 Tex., 304; Cooley's Const. Lim., p. 369.)

V. The court erred in ordering sale by the sheriff of Grimes county of a road lying in two counties, in that all the line of road lying outside of Grimes county and extending into Montgomery county is beyond the official control and power of the sheriff of Grimes county. (Casseday *v.* Norris, 49 Tex., 618.)

*Boone & Cobbs,* for appellee.

I. The court did not err in refusing defendant a continuance on the ground set forth in defendant's first assignment of error. The first amended original petition and the intervenors' trial amendment did not set up new and entirely distinct causes of action, and did not operate a legal surprise to defendant. (Const. of Texas, art. 16, sec. 36; Act of February 18, 1879, Rev. Stats., App., p. 4; Austin *v.* Jordan, 5 Tex., 131; Tulane *v.* McKee, 10 Tex., 337; Fisk *v.* Miller, 13 Tex., 225; Chapman *v.* Sneed, 17 Tex., 430; Thouvenin *v.* Lea, 26 Tex., 613.)

II. The court did not err in refusing continuance on the grounds stated in the application, on account of the absence of the witness and contractor Hyatt. No diligence was shown, nor any legal excuse for want of diligence, and the affidavit in support of the application for continuance shows that the testimony sought was immaterial. (Rev. Stats., arts. 1276, 1277; Price *v.* Lauve, 49 Tex., 79; Cummings *v.* Rice, 9 Tex., 527; Trammell *v.* Pilgrim, 20 Tex., 158; Williams *v.* Talbot, 27 Tex., 166; Lewis *v.* Williams, 15 Tex., 48; Titus *v.* Crittenden, 8 Tex., 139; Claiborne *v.* Yoeman, 15 Tex., 46; Stanley *v.* Epperson, 45 Tex., 650.)

III. Appellant contends that the court erred in holding, that for work and labor done and wages due anterior to the 18th of February, 1879, there was a lien on defendant's road.

There was no error in this. The court gave the proper construction to the statute, and the statute is not unconstitutional

and invalid. (Const. of Texas, art. 16, sec. 36; Act of February 18, 1879, Rev. Code, p. 4; Moore *v.* Letchford, 35 Tex., 185, sustained in Nicholas *v.* Hester, 42 Tex., 180, and authorities cited in these cases.)

IV. Appellant's last proposition is, that the court erred in ordering the sale to be made by the sheriff of Grimes county. This was not error. The road and its equipments are an entirety. But if error, this court can reform the order and give such direction as to the sale as it may adjudge correct. (Rev. Stats., pp. 612, 613; Jones on R. R. Secur., 428, 497.)

V. The answer discloses no defense. The testimony for which the continuance was sought could not have benefited defendant if he had obtained it.

The answer was a general denial, and the special defense was that Hyatt was the contractor, and not the agent of defendant. (Titus *v.* Crittenden, 8 Tex., 139; Claiborne *v.* Yoeman, 15 Tex., 46; Fowler *v.* Buckner, 23 Tex., 86.)

BONNER, ASSOCIATE JUSTICE.—The legal effect of the original petition filed May 16, 1879, by appellee Henning, was to charge Hyatt individually with $551.06, and to subject the property of the defendant-company to a lien for its payment.

On June 10, 1879, the day of trial, Henning dismissed the cause as to Hyatt, who was a necessary party, if the cause of action as set out in the original petition was relied on, and by amended petition, that day filed, sought not only to make the property liable, but, for the first time, to subject the company to a direct judgment for the debt itself.

This, we think, was such a material change in Henning's cause of action as to have justly entitled defendant, on his affidavit therefor, to a continuance on the ground of surprise. (Turner *v.* Lambeth, 2 Tex., 371; Cowan *v.* Williams, 49 Tex., 396.)

The continuance should also have been granted for the testimony of Hyatt, as prayed for in the motion. It was shown to have been material, and the want of statutory diligence was

sufficiently excused to bring the application, if not within the letter, at least within the spirit of the statute. (Payne *v.* Cox, 13 Tex., 480; Price *v.* Lauve, 49 Tex., 81.)

That the case previously presented by the intervenors as to their separate claims may have been substantially against the company in the first instance, and not against Hyatt, should not have affected the rights of the defendant as between it and the plaintiff Henning. The company was simply called upon to meet the case as made by the pleadings of each party, and might not on the trial have contested the demands of the intervenors.

There was also, in our opinion, error in so much of the judgment as gave to Henning and the intervenors a lien on the road-bed, &c., for work and labor done previously to February 18, 1879, the date of the act under which the lien was claimed.

Section 35 of article 16 of the Constitution of 1876 did not give to laborers on railroads a lien on the property of the company upon which they expended labor, as was provided by succeeding article 37 to mechanics, artisans, and material-men; and whatever lien can be claimed to appellee must be by virtue of the act of February 18, 1879. (Appendix to Rev. Stats., p. 6.)

It does not become necessary in this case to decide the very grave question, whether the Legislature, even with the aid of the constitutional provision, could, for the ultimate payment of any and all liabilities which a contractor might incur without the knowledge or fault of the owner, give a lien upon the property of the owner for an amount beyond that of the contract price, this liability to be fixed by some proceedings in the nature of a garnishment, as by statutory notice, as provided by previous and existing laws in regard to mechanics' liens. (Paschal's Dig., arts. 4595–4598; Rev. Stats., art. 3176.)

Neither does it become necessary, under the construction we give to the statute, to decide the question,—if, indeed, it be an open one, — whether the Legislature has the constitutional

power to ingraft, without the consent of parties, upon a previously-existing contract, a stipulation not only for a lien where none existed before, but for "one prior to all others." (Const. of 1876, art. 1, sec. 16.)

If it be admitted that this could be done, it would be in cases only where this legislative intention was clearly shown. (Cooley's Const. Lim., 370, citing numerous authorities in note 3; Taylor *v.* Duncan, Dallam, 517.)

Our construction of the statute is, that it was intended to give the lien only for labor performed after its passage, and not before.

We do not think the objection well taken, that the judgment ordering the sheriff of Grimes county to sell the road-bed, the same being partly in another county, was for that cause erroneous.

Under the act formerly in force, the road-bed, track, franchise, and chartered powers and privileges were deemed an entire thing and sold as such, and a levy was held to embrace the whole road-bed and track and entire line of railroad, whether situated in the same county or not, and the same could be advertised and sold at the court-house door of the county of the principal office. (Paschal's Dig., arts. 4912, 4914.)

Practically, without great sacrifice, the road-bed could not well be sold except as an entirety.

In the particular complained of, the above statute is not materially changed by subsequent legislation. (Rev. Stats., art. 4262.)

In this connection it may be observed that the decree substantially follows the language of the act of February 18, 1879. (Appendix to Rev. Stats., p. 6.)

That the decree is not more specific seems to have been by reason of the failure of the company to furnish, on demand, a description of the property.

As the cause will be remanded, it would not be proper to

express any opinion as to the alleged insufficiency of the testimony to sustain the cause of action.

Judgment reversed and cause remanded.

REVERSED AND REMANDED.

[Opinion delivered February 3, 1880.]