## R. W. CRAWFORD v. W. S. CAROTHERS.

(Case No. 5789.)

1. PRACTICE—PLEA OF PERSONAL PRIVILEGE—A plea of personal privilege, in answer to a suit upon a written contract, containing no allegation that the defendant's obligation was not to be performed in the county wherein the suit was brought, is fatally defective. (Authorities cited.)

2. SAME—The petition, in a suit upon a written contract, alleged the defendant to be a resident of the county wherein it was filed. His plea of personal privilege contained no denial of that allegation, but alleged that defendant resided in another county. *Held:* The plea was bad. Defendant could have been a resident of both counties. (Brown v. Bouldon, 18 Tex., 431.)

ERROR from Travis. Tried below before the Hon. Fred. Carleton, special judge.

This was an action upon a warranty of title. The first amended original petition alleged defendant, Crawford, to be a resident of Nebraska, and sought to recover the value of certain cattle bought of him by plaintiff, which proved to have been stolen by Crawford's ven-

dors.   May 30, 1884, plaintiff filed a supplemental petition alleging that "since the filing of the original petition defendant, Crawford, has returned to the state, and he is now in the county of Harris, in said state."   October 24, 1884, defendant filed a first amended original answer, containing a plea to the jurisdiction of the court on account of the personal privilege of the defendant.   Upon the same day, plaintiff excepted to defendant's plea of personal privilege, and the exception was sustained.   The trial resulted in a judgment for plaintiff.

*T. S. Reese* and *Harvey & Brown*, for plaintiff in error, cited:  R. S., 1198; Sayles' Texas Pl., 89, 90; Stephen on Pl., 46; Hagood *v.* Dial, 43 Tex., 626; Brown *v.* Bouldon, 18 Tex., 431.

*S. A. Posey* and *D. W. Doom*, for defendant in error, cited:  Breen *v.* Railway Company, 44 Tex., 302; Railway Company *v.* Graves, 50 Tex., 181; Stark *v.* Whitman, 58 Tex., 375; Sydnor *v.* Gascoigne, 11 Tex., 449.

ROBERTSON, ASSOCIATE JUSTICE.—The plaintiff's suit was founded in part upon two written contracts, and the defendant's plea of privilege did not deny that he had not engaged in both to pay the sums sued for in Travis county.   According to previous decisions of this court the omission of this averment was fatal to the defendant's plea.   Breen *v.* Railway Company, 44 Tex., 302; Stark *v.* Whitman, 58 Tex., 375; Railway Company *v.* Graves, 50 Tex., 181.   But the court is urged to revise the ruling in those cases.   That is wholly unnecessary in this, as the defendant's plea is bad by any rule.   The venue was laid in Travis county in the original petition, upon an allegation that the defendant resided in that county.   That averment is not denied in the plea.   The plea states that the defendant was an inhabitant of Waller county at the date of the institution of the suit.   He might have been a resident of both counties.   Brown *v.* Bouldon, 18 Tex., 431.

The only assignment of error briefed is that complaining of the ruling of the district court upon the demurrer to the plea.   That ruling was proper and the judgment is affirmed.

AFFIRMED.

[Opinion delivered May 7, 1886.]