## E. J. MARSHALL v. JAMES SPILLANE.

### No. 596.

1. **Bills of Exception to Interlocutory Judgments.**—A bill of exception to an order of the court sustaining exceptions to a plea of personal privilege must be filed at the term of the court at which the order complained of is made, within the time allowed by law.

2. **Proper Party.**—S. having sued M. to recover the proceeds of a sale of land made by M., in which S. owned a half interest, which he had conveyed to K. to enable M., as K.'s agent, to make the sale; and in his pleading S. having charged that both M. and K. refused to pay over his share of the money, and that M. claimed to be withholding it by instructions from K. (the evidence showing that M. was seeking to charge S. with half of a vendor's lien note of K.'s on the land which M. had paid to clear the title, and for back taxes paid by him), K. was a proper party to the suit.

3. **Special Warranty as Affected by Statute.**—Though the vendor's deed contains only covenants of special warranty, it carries with it the covenant against incumbrances engrafted upon it by statute, and the vendor is liable for the whole of his outstanding unpaid vendor's lien note against the land.

APPEAL from Galveston. Tried below before Hon. S. S. HANSCOM, County Judge.

*M. C. McLemore, Jr.,* for appellant.—1. The court erred in overruling defendant Marshall's special exception, or plea of misjoinder of parties, as it appears from allegations in plaintiff's amended original

petition herein, that if a cause of action lay at all it was against one or the other of said defendants, and not against them jointly, and he must elect against which of said defendants he would proceed. Williams v. Robinson, 63 Texas, 576; Clegg v. Varnell, 18 Texas, 300; Frost v. Frost, 45 Texas, 340; Green v. Liter, 8 Cranch (U. S.), 229; Am. and Eng. Encyc. of Law, 577, 578.

2. The court erred in rendering its judgment against this defendant for the amount sued for, for it appears from the evidence adduced on the trial of this cause that the defendant Marshall acted in the matter merely as agent for plaintiff; that he had no interest in the property or the proceeds from sale thereof, and that by reason of failure of plaintiff to relieve the property from liens upon it, he (Marshall), under his general warranty deed, was forced to pay off and satisfy same, and in doing so paid out a large sum of money, and by reason of that fact the plaintiff became indebted to him, and he was entitled to reimburse himself out of the proceeds of the sale of the lot. Hubbard v. Coker, 1 Ct. App. C. C., sec. 657; Johns v. Hardin, 81 Texas, 38; Satterthwaite v. Loomis, 81 Texas, 65; Garr v. Martin, 20 N. Y., 306; Fell on Suretyship, 451, et seq.

*Edwin S. Easley,* for appellee.—1. The two defendants were properly joined; (1) because each was interested in the subject matter of the suit; (2) because both were wrongdoers, and acted in concert, or with a common purpose, in bringing about the cause of action. 1 Suth. on Dam., 209.

2. If it be granted that appellant acted with sufficient authority in paying off the notes due the Gulf, Colorado & Santa Fe Railway, then such expense should have been deducted from Killeen's one-half of the $600 consideration, and not from that belonging to Spillane.

GARRETT, CHIEF JUSTICE.—This suit was brought by James Spillane to recover of E. J. Marshall and F. P. Killeen the proceeds of the sale of one-half of lot 3, in block 55, in the town of Temple. It was shown that on March 6, 1883, Killeen being the owner of the entire lot, conveyed by a special warranty deed an undivided one-half thereof to the plaintiff. He had bought the lot from the Gulf, Colorado & Santa Fe Railway Company, and owed a balance of the purchase money thereon, which was evidenced by his promissory note. About January 1, 1891, Killeen conveyed the entire lot to E. J. Marshall, the appellant, by general warranty deed; but this conveyance was made for the purpose only of enabling Marshall to sell the property for Killeen, who was about to leave the State, and as a matter of convenience in making a sale. Marshall had no knowledge of Killeen's prior conveyance to the plaintiff, and found a purchaser to whom he sold the lot for $600, and executed to him a deed with general war-

ranty of title.   Before the delivery of this deed, however, the previous conveyance to plaintiff was discovered by the purchaser, and in order to complete the sale, Marshall agreed with Spillane to account to him for one-half of the proceeds, and at his request the latter executed and sent to Marshall a deed with general warranty of title, conveying his interest to Killeen.

Marshall concluded the sale, and received from the vendee $300 in cash and a note for $300, due at twelve months, which has since been paid to Marshall.   Soon after the delivery of the deed by Marshall, Killeen's note for the unpaid purchase money turned up, and Marshall paid it; and he has paid also back taxes on the property for several years that had accumulated before the sale by him.

Killeen suffered judgment by default.   Marshall pleaded to the venue his personal privilege to be sued in the county of Lampasas, which plaintiff in his petition alleged was his residence; that Killeen was a resident of the State of New York, and not a resident of Galveston County, Texas; and that Killeen was neither a necessary nor a proper party to the suit.   The court overruled the plea to the venue, and the appellant has assigned as error, that the court erred in sustaining plaintiff's oral exception to the sufficiency of defendant's plea of privilege.

This assignment is not supported by the record, for the only action by the court upon the plea shown by the record of which we can take notice is the order made August 10, 1893, which shows that the general demurrer, plea in abatement, and exceptions of defendant E. J. Marshall were overruled, to which he excepted and took leave to file an amended answer.   It does not appear from this order that exceptions were sustained to the plea, and there are no exceptions thereto in the record.   For aught that appears otherwise, the court may have heard evidence upon the plea, and found that Killeen resided in Galveston County.   At a subsequent term of the court, and at the term at which the case was tried on its merits, the defendant Marshall took a bill of exception to the action of the court in overruling the plea, which only shows, however, that upon exceptions being raised to the sufficiency thereof, the court overruled the plea.   The bill of exception should have been taken and filed at the term at which the ruling complained of was made.   Rev. Stats., arts. 1358, 1363; Rules District Court, 53, 60; Price v. Lauve, 49 Texas, 80; Campbell v. Cook, 24 S. W. Rep., 980.

There was a preliminary trial of the plea in abatement had at the July Term of the court, but the bill of exception was not filed during that term, nor within ten days from the conclusion of the trial of the plea, and was not filed until the next succeeding term of the court. When it is considered that the purpose of the rule is, that the bill shall be taken and filed while the facts attending the ruling of the

court which has been excepted to are fresh in the mind of the trial judge and of the opposing parties, it would be unreasonable to give the law any other construction than that the time within which a bill should be taken to an interlocutory ruling of the court should be from the time such ruling was made.

Plaintiff having alleged that the defendant Marshall resided in Lampasas County, it may not have been necessary, as held in Crawford v. Carothers, 66 Texas, 199, for the defendant to have negatived the residence of himself in Galveston County. Boothe v. Fiest, 80 Texas, 144. Otherwise, on exception thereto, the plea would be good. It is not shown that there was error in overruling the plea in abatement.

Killeen was properly joined in the suit. Plaintiff set out in his petition the facts of conveyance to himself of an undivided half of the lot by Killeen, the subsequent reconveyance by himself, and the conveyance by Killeen to Marshall, averring also facts which showed that plaintiff was entitled to one-half of the proceeds of the sale, and charged that both Marshall and Killeen refused to pay over his share of the money, and that Marshall claimed to be withholding it by the instruction of Killeen. The evidence shows that Marshall was seeking to charge the plaintiff with one-half of the purchase money paid by him on Killeen's note for the purchase money, as well as of back taxes. Killeen was certainly a proper party upon this state of facts.

Notwithstanding the fact that Killeen's deed contained covenants of special warranty only, he was still bound to discharge the entire purchase money on the lot himself. The deed contained the covenant engrafted on it by statute, that the lot was free from incumbrances, and there was nothing to show an assumption of the incumbrances by Spillane. Rev. Stats., arts. 557, 558. The incumbrance for the purchase money was also the debt of Killeen himself, and there was enough of the share going to him of the purchase to pay it off fully, without touching any part of plaintiff's share. Plaintiff was liable for one-half the taxes that accrued upon the lot during the time he owned his interest therein, and the court properly charged him therewith in rendering judgment.

The judgment of the court below is fully supported by the evidence, is right, and will be affirmed.

*Affirmed.*

Delivered June 14, 1894.