CALLENDER, HOLDER & CO. v. T. S. SHORT.

Decided January 26, 1904.

**1.—Venue—Contract—Place of Performance—Sale of Cotton.**

Where defendant contracted to deliver cotton to plaintiffs at H., in a named county, of a certain grade, and at a fixed price per pound, as evidenced by drafts and bills of lading attached, plaintiffs could maintain suit for damages for breach of the contract in the county where it was to be so performed.

**2.—Same—Pleading—Negativing Jurisdiction.**

It is not necessary that the petition shall allege the contract to be performed in the county of the forum. The defendant was required to negative in the plea of privilege every supposable state of facts which would give the court jurisdiction over his person, except such as the petition by reasonable intendment itself excluded.

Appeal from the District Court of Harris. Tried below before Hon. Norman G. Kittrell.

*Byers & Byers,* for appellant.

PLEASANTS, ASSOCIATE JUSTICE.—On the 15th day of December, 1902, and on several dates subsequent thereto up to and including the 19th day of January, 1903, appellants, who were cotton buyers residing and doing business in the city of Houston, Harris County, Texas, purchased from appellee, who at that time and at the time this suit was filed resided in the county of Shelby, in said State, several lots of cotton aggregating 827 bales. This cotton, under the contract of purchase and sale between the parties, was to be paid for at so much per pound f. o. b. cars at Houston, on a basis of middling, at Houston weights and classification. The bills of lading under which the cotton was shipped show that it was consigned "to shipper's order," with direction to the carrier to notify appellants. When each of these shipments of cotton was made appellee drew upon appellants for the amount of the purchase price of same, based on the weights and classification at the point of shipment, and attached to said draft the bill of lading for said shipment. When the draft reached Houston the bank to which it was sent, upon payment by appellants of the amount of said draft, delivered same and the bill of lading thereto attached to appellants, who, upon presentation and delivery of the bill of lading to the carrier, received the cotton. All of these shipments were made in this way. Upon reweighing and reclassifying the cotton at Houston, in accordance with the terms of the contract of sale, it was found that the aggregate amount of drafts paid by appellants for said cotton exceeded the purchase price of same under said contract in the sum of $817.26. Appellants brought this suit to recover of appellee said sum of $817.26.

The petition alleges that the defendant is a transient person "who can be found at present in Shelby County." It then alleges the sale of the several lots of cotton to plaintiff by the defendant under a contract by the terms of which the price to be paid therefor was so much per pound

f. o. b. cars at Houston, upon a basis of middling at Houston weights and classification; that plaintiff by way of advancement had paid defendant upon said cotton the sum of $31,360.29, and that after the cotton was received by plaintiff and weighed and classed as per contract, it was ascertained that the amount so paid was $817.26 in excess of the contract price. There is no allegation in the petition as to how the alleged advancements were made, nothing being said therein in regard to the drafts or the bills of lading under which the cotton was shipped. To this petition the defendant interposed a plea of privilege to be sued in the county of his residence.

This plea was, upon the facts before stated, sustained by the trial court and plaintiff's suit dismissed.

We can not agree with the learned trial judge that there are any facts in this case which distinguish it from the case of Seeley & Early v. Williams, 20 Texas Civ. App., 405. In the case cited this court held that the draft and the bills of lading, which in every essential particular were identical with the drafts and bills of lading in the instant case, taken together constituted a written contract obligating the defendants upon the payment of their several drafts to deliver to plaintiff in the county of his residence the corn covered by the bills of lading, and that upon a breach of such contract by defendants by failing to deliver the quality and quantity of corn called for in the bills of lading and for the purchase price of which the drafts were drawn by defendants and paid by plaintiff, a suit by plaintiff to recover of the defendants the excess paid him over the contract price of the corn brought in the county in which the corn was to have been delivered could not be abated by a plea of privilege by the defendant to be sued in the county of his residence. The several telegrams which are mentioned in the opinion in that case as having passed between the parties prior to the shipment of the corn were not considered by the court as having any weight in the determination of the question of whether the contract for the breach of which the plaintiff sued was to be performed in the county in which the suit was brought. Appellee having contracted to deliver to appellants at Houston, Harris County, so many pounds of cotton of a certain grade and at a fixed price per pound, as evidenced by his drafts and bills of lading, his failure to deliver the quantity and grade of cotton specified in his contract entitled appellants to maintain their suit for damages for such breach in the county in which the contract was to have been performed. Rev. Stats., art. 1194; Seeley & Early v. Williams, 20 Texas Civ. App., 405; Darragh v. O'Connor, 5 Texas Ct. Rep., 171.

Appellants were not required to allege in their petition that the contract was to be performed in Harris County in order to fix the venue in that county on that ground. The defendant was required to negative in his plea of privilege every supposable state of facts which would give the court jurisdiction over his person, except such as the petition by reasonable intendment itself excluded. The plea filed by appellee denied that the contract was to have been performed in Harris County,

but as we have seen the evidence in the case overcame this averment. Cavin v. Hill, 83 Texas, 74; Booth v. Feist, 80 Texas, 144; Railway v. Graves, 50 Texas, 201; Starke v. Whitman, 58 Texas, 376; Carothers v. McIlhenny, 63 Texas, 147; Graves v. Bank, 77 Texas, 555; Hobson v. Caswell, 36 S. W. Rep., 312; 1 Am. and Eng. Enc. of Law, 32; Townes on Pleading, 239.

We think it clear under the cases cited that the court erred in sustaining the plea in abatement and therefore the judgment must be reversed.

It appears from the findings of the trial court that the undisputed evidence shows that appellee is due the appellants the sum of $817.26 by reason of his failure to comply with his contract in the sale of said cotton. Judgment will therefore be here rendered for appellants for said sum.

*Reversed and rendered.*