AMERICAN WAREHOUSE CO. v. RAY.

(Court of Civil Appeals of Texas. San Antonio. Oct. 16, 1912. Rehearing Denied Nov. 13, 1912.)

1. APPEAL AND ERROR (§ 547*) — REVIEW — BILL OF EXCEPTIONS—NECESSITY—PLEA OF PRIVILEGE.

Since a plea of privilege amounts to nothing more than an application for a change of venue to a certain county, as provided by district and county court rule 55 (142 S. W. xxi), an order overruling such plea cannot be reviewed without a bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2427, 2429–2432; Dec. Dig. § 547.*]

2. VENUE (§ 14*)—CAUSE OF ACTION — LOCATION—FRAUD.

Where defendant sold and agreed to deliver to plaintiff in G. county a certain variety

of broom corn seed and fraudulently delivered another or mixed variety of seed, which was planted by plaintiff in G. county, a fraud was committed on him in that county, and suit for damages therefor was properly instituted there, as provided by Rev. Civ. St. 1911, art. 1830, subd. 7.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 21, 27; Dec. Dig. § 14.*]

3. SALES (§ 266*)—WARRANTY—BREACH.

Where defendant contracted to sell plaintiff broom corn seed of a certain variety, but failed to deliver such seed and delivered mixed seed, there was an implied warranty that the seed should be of the character specified, and defendant's failure to deliver the same constituted a breach thereof.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 743, 746, 747, 754–759; Dec. Dig. § 266.*]

4. SALES (§ 442*)—SEED—BREACH OF WARRANTY—DAMAGES.

Where defendant contracted to deliver to plaintiff broom corn seed of a certain variety and delivered other and less valuable seed, plaintiff was entitled to recover, not only the difference between the value of the seed delivered and that contracted for, but the difference between the value of the crops produced from the seed delivered and the value of the crops that would have been produced from the seed contracted for.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1284–1301; Dec. Dig. § 442.*]

5. APPEAL AND ERROR (§ 1031*) — REVIEW — EVIDENCE.

Where, in an action tried to the court, there was sufficient evidence to sustain the judgment, it would not be presumed that injury resulted to defendant by the erroneous admission of other evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4038–4046; Dec. Dig. § 1031.*]

6. CUSTOMS AND USAGES (§ 12*)—EVIDENCE—IMPLIED WARRANTY.

Where defendant had breached an implied warranty that certain seed sold to plaintiff was of the variety contracted for, evidence of a custom among dealers in seeds not to be bound by such implied warranty, not shown to have been known to the buyers, was inadmissible, and such custom, if it existed, would be invalid.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. §§ 23, 24; Dec. Dig. § 12.*]

7. PLEADING (§ 236*) — TRIAL AMENDMENT — ALLOWANCE—DISCRETION.

It is within the discretion of the court to to permit a trial amendment of the petition, whether exceptions to the original petition had been sustained or not.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 601, 605; Dec. Dig. § 236.*]

8. CONTRACTS (§ 32*)—FORM—REDUCTION TO WRITING.

Where an agreement is reached by the parties on all the terms of a contract, and nothing remains except to reduce the terms to writing, and there is no evidence that it was not to become effective until reduced to writing, a breach of it by either party causing damage to the other will support an action for damages, though it was unwritten.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 159; Dec. Dig. § 32.*]

Appeal from District Court, Goliad County; John M. Green, Judge.

Action by J. W. Ray against the American Warehouse Company. Judgment for plaintiff, and defendant appeals. Affirmed.

H. J. Passmore, of Goliad, and Kleberg & Neethe, of Galveston, for appellant. Dougherty & Dougherty and J. D. Wheeler, all of Beeville, and G. E. Pope, of Goliad, for appellee.

FLY, J. This is a suit for damages instituted by appellee against appellant and S. P. Flemming, in which it was alleged that appellee resided in Bee county, and that appellant is a private corporation, formed under the laws of Texas, which has its principal office in the city of Galveston; that Flemming resided in Galveston, and Flemming, acting as the agent of appellant, sold to appellee in Goliad county certain dwarf broom corn seed which he fraudulently represented were pure dwarf broom corn seed; that the seed were shipped by appellant to appellee at Berclair, Goliad county, and accompanied said seed with a written representation that they were good dwarf broom corn seed, and appellee paid the price demanded for the same. It was further alleged that the seed were not pure, but mixed, and damages were claimed on account thereof. The cause was heard by the court alone, and judgment rendered in favor of appellee as against appellant in the sum of $3,900. The findings of the district judge are adopted by this court. The facts tend to show that appellant fraudulently sold appellee broom corn seed of a different and less valuable variety than what it had agreed to sell, and that appellee was thereby damaged in the sum found by the court. Appellant filed its plea of privilege to be sued in Galveston county, which was overruled by the court, and assignments of error 1, 2, 3, 4, 5, 6, 7, 8, and 9 are devoted to complaints as to that action of the court.

[1] It is provided by the rules for the district and county courts that no bills of exceptions shall be taken to the judgments of the court on matters which constitute the record proper, as the citation, petition, answer, motions for new trial or in arrest of judgment and final judgment, and, as to charges given or refused, but as to rulings upon applications for continuance, for change of venue, and other incidental motions and other matters not embraced in those named, bills of exception must be taken. In the case of Marshall v. Spillan, 7 Tex. Civ. App. 532, 27 S. W. 162, it was held that a bill of exceptions should be taken to an order overruling a plea of privilege, and, as a plea of privilege now amounts to nothing more than an application for a change of venue to a certain county, it seems to come within the very language of rule 55 (142 S. W. xxi) for the district and county courts. It follows that the assignments of error attacking the

action of the court in overruling the plea of privilege should not be considered.

[2] If, as alleged and proved, appellant, in Goliad county, through its agent, agreed to deliver to appellee in said county a certain variety of broom corn seed and fraudulently delivered another or mixed variety of seed, which were planted by appellee in Goliad county, a fraud was committed upon appellee in that county, and the suit was properly instituted there. If fraud was committed, it was done in Goliad county. Rev. Stats. 1911, art. 1830, subd. 7; Martin v. Frank, 125 S. W. 958; Hunt County Oil Co. v. Scott, 28 Tex. Civ. App. 213, 67 S. W. 451; Townsite Co. v. Sawmill Co., 133 S. W. 714.

[3] The court did not err in overruling the general demurrer and special exceptions to the petition. It was alleged appellant contracted to deliver to appellee pure broom corn seed of a certain variety, and failed to deliver such seed, but delivered mixed seed. There was a warranty that the seed would be as represented and the breach of that contract was a breach of the warranty.

[4] The weight of authority seems to be that where seeds of a certain family are sold and represented to be of a certain variety of that family which would in their natural development produce crops of greater value than would seeds of the same family, which were delivered, that the purchaser can recover not alone the difference between the value of the seeds delivered and those contracted, but the difference between the value of the crops produced from the seed delivered and the value of the crops that would have been produced from the seed contracted. Jones v. George, 61 Tex. 345, 48 Am. Rep. 280; Railway v. Hill, 63 Tex. 381, 51 Am. Rep. 642; Passinger v. Thorburn, 34 N. Y. 634, 90 Am. Dec. 753; Wolcott v. Mount, 36 N. J. Law, 262, 13 Am. Rep. 438; Van Wyck v. Allen, 69 N. Y. 61, 25 Am. Rep. 136; White v. Miller, 71 N. Y. 118, 27 Am. Rep. 13; Id., 78 N. Y. 393, 34 Am. Rep. 544. The rule would obtain whether the warranty was express or implied. "A dealer who sells an article describing it by the name of an article of commerce, the identity of which is not known to the purchaser, must understand that the latter relies upon the description as a representation by the seller that it is the thing described; and this constitutes a warranty." White v. Miller, cited. It follows that the tenth, twelfth, thirteenth, fourteenth, fifteenth, and sixteenth assignments should be overruled.

[5] This cause was tried by the court, and, although the evidence objected to by appellant in the seventeenth, eighteenth, and twentieth assignments may have been open to objections, yet there was ample testimony to sustain the judgment of the court, and it will not be presumed that injury resulted by the admission of the evidence.

[6] The testimony of Gerlach and Robinson as to the custom and usage in regard to implied warranty of seed sold was properly excluded. The law implied a warranty from the representation of appellant that the seed were of a certain kind, and that implication could not be set aside by testimony of a custom and usage of trade, which was not known to buyers. It would present a singular proposition of law if a dealer in seeds should contract to deliver cabbage seed and should actually deliver radish or turnip seed, and then escape liability on his implied warranty by proof that dealers in seed had adopted a rule or custom not to be bound by any implied warranty. Such a custom would be in contravention of law and justice, and would be null and void. Dwyer v. Railway, 69 Tex. 710, 7 S. W. 504. No effort was made to show that appellee had any knowledge of such custom, or contracted with it in view.

[7] The assignment of error attacking the action of the court in permitting the filing of a trial amendment is overruled. Such permission was in the discretion of the court, whether exceptions to the original petition had been sustained or not. Moore v. Moore, 73 Tex. 382, 11 S. W. 396; Railway v. Huffman, 83 Tex. 286, 18 S. W. 741. The exceptions to the trial amendment were properly overruled.

The twenty-third assignment of error attacks the finding of the trial judge that the seed were not pure dwarf broom corn seed. There was ample evidence to sustain the finding. In the statement under the assignment the evidence of the witnesses for appellee, upon which the finding of the court is based, is ignored and disregarded. An appellate court is not authorized to do that, and it is at least questionable whether appellant should do so.

[8] The twenty-fourth, twenty-fifth, twenty-sixth, twenty-seventh, twenty-eighth, twenty-ninth, thirtieth, thirty-first, and thirty-second assignments of error assail findings of the court as not sustained by the facts. The evidence sustained the findings. It was proved that a verbal contract was entered into by the parties in Goliad county. As said by this court, through the lamented Justice H. H. Neill: "If an agreement upon all the terms of the contract was reached by the parties, as the evidence reasonably tends to show, and nothing remained except to reduce its terms to writing, the contract was complete, there being no evidence that it was not to become effective until reduced to writing, a breach of it by either, causing damage to the other, would support an action for such damage." International Harvester Co. v. Campbell, 43 Tex. Civ. App. 421, 96 S. W. 93.

The judgment is affirmed.