SOUTHWESTERN GRAIN & SEED CO. v. BLUMBERG et al.

(Court of Civil Appeals of Texas. San Antonio. Dec. 10, 1913. On Motion for Rehearing, Jan. 14, 1914.)

Venue (§ 14*)—Contracts—Breach.

A contract for the sale of corn for delivery on board cars in the county of the residence of the seller for transportation to another county binds the seller to perform in the county of his residence, and an action for his failure to deliver corn of the quantity contracted for must be brought in the county of his residence, though bills of lading with drafts attached, drawn by the seller on the buyer, were placed in a bank in that county and by it transmitted to the county of the residence of the buyer, and, where an action is brought in the county of the residence of the buyer, the seller may file a plea of privilege, and the cause must be transferred to the county of his residence.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 21, 27; Dec. Dig. § 14.*]

Appeal from Bexar County Court; John H. Clark, Judge.

Action by the Southwestern Grain & Seed Company against R. E. Blumberg and another. From a judgment transferring the cause to another county for trial, plaintiff appeals. Affirmed, and motion for rehearing overruled.

Wm. L. Schlesinger and Wicks & Bosshardt, all of San Antonio, for appellant. Scott & Dodson, of San Antonio, for appellees.

FLY, C. J. This is a suit instituted by appellant against appellees, who reside in Guadalupe county, to recover damages alleged to have accrued from a failure to deliver to appellant corn of the quantity and grade contracted by appellees to be delivered. Appellees filed their plea of privilege, which was sustained by the court, and the cause was transferred to the county court of Guadalupe for trial.

The contract for the purchase of the corn was a verbal one, made through the medium of a telephone, but was confirmed by a letter written afterwards by appellants. The corn was to be delivered on board the cars at Seguin for shipment to El Paso, Tex. The bills of lading with drafts attached, drawn by appellees on appellants, were placed in a bank in Seguin and by it transmitted to a bank in San Antonio and were paid by appellants. The drafts were marked "paid" and with the bills of lading were delivered to appellants.

There was no contract in writing or otherwise to perform anything in Bexar county. The appellees live in Guadalupe county and agreed to put a certain quantity of corn on the cars in Guadalupe county, and drawing a draft on appellants in San Antonio was not a promise to do anything in Bexar county. Appellants have not sued on the drafts paid by them and have no cause of action on them, but their suit is based on the breach of a contract to deliver on the cars at Seguin a certain quantity of corn of a certain grade.

The judgment is affirmed.

### On Motion for Rehearing.

The cases cited by appellant are not applicable to the facts of this case. Because a bill of lading is regarded as a quasi negotiable instrument, as held in Railway v. Heidenheimer, 82 Tex. 195, 17 S. W. 608, 27 Am. St. Rep. 861, would not constitute it a promise to deliver corn in Bexar county, which had been contracted to be delivered in Guadalupe county. The uncontradicted evidence showed that the corn was to be delivered in Seguin, and sending the bill of lading to appellant in San Antonio did not destroy that contract.

In the case of Seley v. Williams, 20 Tex. Civ. App. 405, 50 S. W. 399, the corn was to be delivered in the county in which the buyer resided, and of course the court held that, the contract being in writing and to be performed in the county of the buyer, the seller could be sued in that county. No such facts exist in this case.

If appellees had agreed to deliver the corn in Bexar county and had sent appellant, through a bank, bills of lading with drafts attached, then this case could be brought within the scope of the decision in Callender v. Short, 34 Tex. Civ. App. 364, 78 S. W. 366, and Seley v. Williams, 20 Tex. Civ. App. 405, 50 S. W. 399.

The facts in the case of Planters' Oil Co. v. Whitesboro Oil Co., 146 S. W. 225, might

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

have applicability if appellees had sued appellant for the price of the corn in Guadalupe county, as it might have been contended that there was no written contract to pay for the corn in that county, although it was to be delivered there.

In order for the bill of lading with draft attached to form a written agreement to perform the contract in Bexar county, it would be absolutely necessary for them to be based upon a contract to deliver the corn in Bexar county. No such agreement was made.

The motion is overruled.