## HOLLIDAY v. BRADLEY. (No. 2452.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 10, 1921.)

1. Appeal and error ⟨⟩1064(1)—Erroneous instruction on burden of proof prejudicial.

Court erred prejudicially in charging that "in a civil case the preponderance of the evidence is on the plaintiff," instead of instructing, as requested, that "the burden of proof is on the plaintiff to make out his case by a preponderance of the evidence," etc.

2. Trial ⟨⟩191(3)—Instruction erroneous as assuming unsoundness of seed.

In action for breach of warranty of soundness of seed, instructions to find for plaintiff if jury believed defendant guaranteed the seed to be sound, and that plaintiff relied on the guaranty, were erroneous, as authorizing a recovery without reference to whether seed was in fact unsound.

3. Sales ⟨⟩441(4)—Evidence insufficient to sustain finding of damage.

In action for breach of warranty of soundness of seed, necessitating reseeding too late to permit a crop to properly mature, there was no evidence authorizing a recovery for damages other than the price paid for the seed, where plaintiff testified that he gathered a certain amount of cotton from the land, but introduced no testimony showing how much more, nor its value, he reasonably would have grown to maturity had he seasonably planted sound seed, nor the expense of growing and gathering same.

4. Sales ⟨⟩446(9)—Instruction as to measure of damages for sale of unsound seed held insufficient.

In action for breach of warranty of soundness of seed, necessitating reseeding too late in the season, an instruction to find for plaintiff such amount of damages as the jury might conclude he sustained "by reason of his crop being destroyed by frosts and boll weevil and other pestilence," did not sufficiently instruct as to the applicable measure of damages.

Appeal from Upshur County Court, J. R. Melvin, Judge.

Suit by E. R. Bradley against C. C. Holliday. Judgment for plaintiff, and defendant appeals. Reversed and remanded for a new trial.

Appellee bought of appellant and paid him $90 for cotton seed for planting. He claimed in his pleadings that appellant represented the seed to be sound and fit for planting, and that, relying on such representation, he prepared ground and planted the seed at an expense of $120. He further claimed that the seed were not sound, and for that reason did not germinate; that it was late in the cotton-planting season before he discovered the seed were unsound; that he then procured other seed and replanted the ground, but that because the replanting was too late in the season the crop therefrom did not mature before frost destroyed it; and that the crop he would have made had the seed he first planted been sound would have "netted him the sum of $540." By his suit he sought a recovery against appellant of $750, the aggregate of the sums mentioned. The appeal is from a judgment in appellee's favor for $450.

Stephens & Sanders, of Gilmer, for appellant.

J. N. Aldridge and H. V. Davis and T. H. Briggs, all of Gilmer, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] At the trial the court instructed the jury that—

"In a civil case the preponderance of the evidence is on the plaintiff."

Appellant objected to the instruction, and requested the court, instead of it, to instruct the jury that—

In all civil cases "the burden of proof is on the plaintiff to make out his case by a preponderance of the evidence, and unless he has done so in this case it will be your duty to find for the defendant."

The instruction given was meaningless, and it was error to give it and to refuse to give the correct instruction requested by appellant. And the error was calculated to prejudice appellant's rights, for while there was testimony which warranted the finding involved in the verdict, that the seed were unsound, there was also testimony which would have warranted a finding to the contrary.

[2] In the sixth paragraph of his charge the court instructed the jury to find for appellee the $90 he paid for the seed if they believed appellant guaranteed the seed to be sound, and that appellee relied on the guaranty when he planted them; and in the seventh paragraph the court told the jury to find in appellee's favor for the value of the labor and expenses he bestowed in preparing the land and planting the seed, if they believed appellant represented to him that the seed were sound, and he relied on the truth of such representation. Each of the instructions was erroneous, and materially so, because each of them authorized a recovery by appellee without reference to whether the seed were in fact unsound or not. If they were sound, appellee was not entitled to recover any sum of appellant.

[3] In the eighth paragraph of the charge the court told the jury to find for appellee such amount of damages, not to exceed $540, as they might conclude he sustained "by reason of his crop being destroyed by frosts and boll weevil and other pestilence," if they believed the seed appellant sold to him were in fact not sound, that appellant represented them to be sound, that appellee planted them relying on the truth of the representation, and that because the seed were unsound he had to replant the land with other seed too late in the season for the crop to mature before it was so destroyed, and therefore did not make the crop he otherwise would have made. The instruction was objected to on the ground (1) that there was no evidence authorizing a recovery by appellee of such damages, and (2) because it was "vague, indefinite, and confusing to the jury." We think the objection should have been sustained on the first one of the two grounds. Appellee testified that he gathered about 5½ bales of cotton from the land. There was no testimony showing how much more, nor its value, he reasonably would have grown to maturity

had he seasonably planted sound seed, nor the expense of growing and gathering same.

[4] No objection to the charge was made in the court below, nor is any made here, on the ground that it did not sufficiently instruct the jury as to the measure of damages they should apply in determining the amount, if any, appellee was entitled to recover on account of the loss he claimed of a part of his crop. Attention is called to the omission in view of the fact that for the errors noted the cause is to be remanded for a new trial. At that trial the jury should be properly instructed in that respect. Texas Seed & Floral Co. v. Watson, 160 S. W. 659; American Warehouse Co. v. Ray, 150 S. W. 763; Jones v. George, 61 Tex. 345, 48 Am. Rep. 280; Water Co. v. Cauble, 19 Tex. Civ. App. 417, 47 S. W. 538.

The judgment is reversed, and the cause is remanded to the court below for a new trial.