RICHARDSON et al. v. BECKHAM NAT. BANK. (No. 5989.)

(Court of Civil Appeals of Texas. San Antonio. March 13, 1918.)

VENUE ☞14—PLACE OF ACCRUAL—FRAUD— PLEA OF PRIVILEGE.

In an action to recover money paid, wherein defendant set up a plea of privilege based on its residence, and plaintiffs filed a controverting plea, stating payment made to defendant of certain notes procured from them by the fraudulent representation that, unless they gave such notes, plaintiffs' kinsman would be criminally prosecuted, which representations were made in a county other than that of defendant's residence, the plea of privilege was erroneously granted, since venue should have been laid in the latter county, within Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, exception .7, providing that, in cases of fraud, suit may be instituted in the county in which the fraud was committed, and exception 28, providing that foreign, private, or public corporations may be sued in the county where the cause of action accrued.

Appeal from District Court, Real County ; R. H. Burney, Judge.

Action by I. L. Richardson and others against the Beckham National Bank. From a judgment sustaining defendant's plea of privilege, plaintiffs appeal. Reversed and remanded.

E. F. Vanderbilt, of Leakey, and L. Old and T. P. Hull, of Uvalde, for appellants. Arnold & Arnold, of Graham, for appellee.

SWEARINGEN, J. I. L. Richardson and G. I. Richardson brought suit in Real county, Tex., where they resided, against the Beckham National Bank, to recover $2,000 paid on notes procured by the bank from the Richardsons by threats to imprison a relative unless executed. The original petition alleged that the Richardsons resided in Real county, and that the bank was a corporation with its domicile in Young county. The bank filed a sworn written plea of privilege to be sued in Young county, the county

of its residence, alleging the facts required by the law. Gen. Laws Tex. 35 Leg. (1917) p. 388. The Richardsons filed a controverting plea under oath, setting out that the payment of the $2,000 by them was coerced by the fraud and deceit of the bank, and that the fraud or deceit was committed in Real county, Tex., or that a part of the fraudulent acts were committed in Real county. The allegations of the controverting plea are as follows:

"First. That heretofore, to wit, on or about the 23d day of July, 1911, E. A. Richardson was indebted to said defendant bank, and the said E. A. Richardson was then and there and now is the son of the plaintiff I. L. Richardson, and the brother of the plaintiff G. I. Richardson, which said indebtedness amounted approximately to $3,000 due the said bank by said E. A. Richardson, and at that time there was no liability whatever on the part of these plaintiffs, or either of them, to the said defendant bank on said indebtedness, it being the exclusive personal obligation of the said E. A. Richardson alone.

"Second. That on or about the said 23d day of July, 1911, the said bank, becoming dissatisfied with the standing of the obligation. conceived the idea of compelling these plaintiffs to fix their own personal liability in reference to the said debt, and that on or about said time said bank, for the purpose of causing said plaintiffs to assume responsibility of said debt, appointed one R. F. Arnold, then and there an attorney at law in the town of Graham, Tex., and of the firm of Arnold & Arnold, a firm composed of R. F. Arnold and Fred Arnold, as their agent and attorney for the purpose of representing them, the said bank, in said transaction, and for the purpose of procuring said plaintiffs to fix their personal liability to said bank on said debt.

"Third. That, acting in pursuance of said design, the said bank sent said R. F. Arnold to Edwards county, Tex., to the ranch of these plaintiffs, which was at that time in Edwards county, but now in Real county by reason of the fact that that part of Edwards county which includes the ranch and home of these plaintiffs was afterwards created into Real county, and he, the said R. F. Arnold, being sent for the express purpose on the part of defendant bank to have an interview with these plaintiffs, and to induce them to fix their liability in the said debt to said bank, or to cause them to pay off same by the payment of the money, or the execution of properly secured notes, sufficient to satisfy said bank in the payment of said debt.

"Fourth. That in pursuance of said design the said R. F. Arnold acting for and on behalf of the said defendant bank, and as their agent and attorney, came to the said plaintiffs at their ranch as aforesaid, without any invitation or without plaintiffs having any advice or information or notice of such a visit, and had an interview with the plaintiffs, and the said R. F. Arnold, as such agent and attorney of said defendant bank, did then and there falsely and fraudulently represent to these said plaintiffs and each of them that the said E. A. Richardson, son of plaintiff I. L. Richardson and brother of plaintiff G. I. Richardson, had obtained a large sum of money from the bank, to wit, about the sum of $3,000, by executing and delivering to defendant bank, in writing, a certain deed of trust in the town of Graham, Young county, Tex., and pledging as security therefor certain cattle and steers, and that some time after the execution and delivery of said deed of trust to the defendant bank by the said E. A. Richardson the officers of said bank were advised, and later upon investigation discovered, that the said E. A. Richardson did not have in his possession said cattle and steers pledged by him to defendant bank as security for said deed of trust, and represent to the said plaintiffs that he, the said E. A. Richardson, obtained said sum of money from said bank by reason of such representations, and that he, the said E. A. Richardson, had disposed of said property since the execution and delivery of the said deed of trust to said defendant bank, or that he did not possess said property at the time of said execution and delivery of said deed of trust to said bank; and said Arnold, acting as aforesaid, in the capacity as agent and attorney for said bank, did then and there falsely and fraudulently in that part of Edwards county, Tex., which is now Real county, Tex., stated, represented, and said unto these plaintiffs the facts and circumstances of said transaction that he, the said E. A. Richardson, had committed a felony and was guilty of a felony by reason of the fact that he had procured said money by fraudulent representations, and by virtue of the fact that he did not have the property described in said mortgage and deed of trust, and then and there falsely and fraudulently told and stated to these plaintiffs that the said E. A. Richardson was subject to criminal prosecution for felony, to wit, for the offense of swindling over $50, and then and there stated falsely and fraudulently that the said bank could cause the said E. A. Richardson to be sent to the penitentiary for a number of years by reason of his having practiced a fraud upon the said bank and procured the said money, and then and there threatened that unless said matter was satisfactorily settled, that they, the defendant bank, would cause the said E. A. Richardson to be prosecuted for such offense, and would further cause him to be convicted and sent to the penitentiary; and the said Arnold further falsely and fraudulently represented, as such agent and attorney of said bank, that in his knowledge as an attorney at law the said plaintiff was guilty under the facts, and would be convicted for the offense of swindling over $50.

"Fifth. And the said Arnold, as such representative, agent, and attorney of said bank, further represented to these plaintiffs in Real county, Tex., that it was in the power of said bank to cause said prosecution, or to cause it to be dropped and abandoned by the state of Texas, and then and there, for the said county and state, falsely stated to the said plaintiffs and each of them that if they would pay said debt, or execute their notes in payment thereof, that the defendant bank would then cause the prosecution which it had already instituted against the said E. A. Richardson to be abandoned and dropped, and, further, that the said bank would not only not prosecute the said E. A. Richardson, but would procure bail for him, and cause him to be released from the county jail where he was confined by reason of complaint having been made against him by S. R. Crawford, president of said bank; and further falsely and fraudulently stated and represented to these plaintiffs that, in addition to that, when the next grand jury of Young county convened that they would see that the state of Texas did not cause the said grand jury to return a bill of indictment against the said E. A. Richardson, but stated positively that the said grand jury would not return such bill in case that these plaintiffs secured payment of said debt.

"Sixth. These plaintiffs say that they and each of them were ignorant of the law, having no knowledge whatever thereof, and never having been charged with criminal process, and further knew that the said Arnold was in fact an attorney at law and well versed in the knowledge of the law, and they further say that at that time there were no lawyers in reach from whom they could obtain legal advice, and were compelled and did rely upon the representations and statements made by said Arnold, as a rep-

resentative of the bank and as an attorney alone, and reposed very confidentially therein, and relied upon the honesty and integrity of said Arnold and upon his knowledge and statements of the law, and upon the honesty and integrity of the bank and officers thereof, and they believed that unless they did pay off said debt or execute said note for the payment thereof immediately that the said E. A. Richardson would be convicted of a felony and sent to the penitentiary for a term of years, and that thereby the said father and brother of said E. A. Richardson, the plaintiffs in this case, would be greatly humiliated and distressed, and that the said E. A. Richardson, their kinsman as aforesaid, would be subject to conviction and confined to the penitentiary and disgrace, and that the whole family would be brought into this disgrace; and relying upon representations as aforesaid, made by said Arnold, they did on the 24th day of July, 1911, make, execute, and deliver to the said bank, by delivering to its said agent, Arnold, at the Delaney Hotel, in the town of Leakey, Tex., in what was then Edwards county, but now Real, their four certain promissory notes, dated July 24, 1911, and payable to the order of defendant bank as follows: The first of said notes being for the principal sum of $608.45, due July 24, 1912; the second of said notes for the sum of $654, due July 24, 1913; the third note for $709.10, due July 24, 1914; and the fourth note for the sum of $763.53, due July 24, 1915—each of said notes bearing interest at the rate of 10 per cent. per annum from maturity thereof, and signed by these plaintiffs and each of them, and payable to the defendant bank at Graham, Tex.

"Seventh. And these plaintiffs further say that at the time of the execution of said notes that they were not indebted to said defendant bank in any way, nor was there any liability whatever on their part to said bank by reason of said E. A. Richardson owing said bank, and they further say that they did not receive any of the sum of money as stated in said notes, but that the said notes went solely and exclusively to said bank for the liquidation and payment of said debt of said E. A. Richardson due said bank, and these plaintiffs never received any pecuniary benefit, or any other benefit whatever, from the execution and delivery of said notes, but, according to the said representations of said Arnold, the said notes were executed by the said plaintiffs to save the said E. A. Richardson punishment in the alleged swindling transaction.

"Eighth. These plaintiffs say that all of said representations were falsely and fraudulently made by the said Arnold, acting as the attorney and agent of said defendant bank, in that the said E. A. Richardson never procured possession of this money from said bank by reason of said execution of said deed of trust, and was further false and fraudulent in that under the true facts the said E. A. Richardson was not guilty of any criminal offense of any character whatever, and the true facts were and are that at the time of the creating of this indebtedness by said E. A. Richardson to said bank, which was long prior to the time of the execution of said deed of trust by said E. A. Richardson to the said bank, he, the said E. A. Richardson, did not execute any deed of trust whatsoever, and did not give any mortgage or security for the said $3,000, and did not obtain said money by reason of any representations made in any deed of trust that he owned the property which he afterwards gave the deed of trust on, and further represented the facts to be that the said deed of trust was executed long after the said E. A. Richardson had procured said loan from said bank, and without securing any additional loan or money, and that the said bank did not part with any money by reason of the execution of said mortgage, and that therefore the said E. A. Richardson was not guilty in

fact or in law of crime, in that he did not procure possession of any personal property of said bank by reason of the execution of said mortgage on property which he did not own, and that all of said representations so made were false and fraud which he, the said Arnold, at the time that he made them for said bank well knew that they were false and fraud, and which said bank itself well knew were false and fraudulent, and said Arnold and said bank well knew that the said false representations were made for the purpose of securing the payment of the said E. A. Richardson's indebtedness to the bank, or to secure same by these plaintiffs.

"Ninth. That these plaintiffs, being ignorant of the law and ignorant of the true facts, remained so, and continued to rely upon the representations of the defendant bank, and continued to believe that the said notes were binding and valid instruments, and that by the execution thereof, according to the false and fraudulent representations of said Arnold, that they had escaped disgrace, humiliation, and that the said E. A. Richardson had escaped conviction and confinement, and that on the day said notes became due, which was the first one for $608.46, dated July 24, 1911, due July 24, 1912, and thereafter the interest having become due, these plaintiffs paid and caused to be paid on said notes the following sums of money, to wit: On November 7, 1912, $100; July 18, 1913, $350; at another date not remembered by plaintiffs, $140; October 29, 1913, $100; November 28, 1913, $50; December 15, 1913, $44; January 12, 1914, $55—a total sum paid by these plaintiffs and caused to be paid by them on said notes of $939; and that on the second note, the note for $654, due July 24, 1913, these plaintiffs paid and caused to be paid the principal thereof in full, to wit, $654, with interest thereon at the rate of 10 per cent. from July 24, 1913, to January 1, 1915, amounting in all to the sum of about $2,000, which said money belonged to plaintiffs, and was converted and appropriated by defendant in Real county, Tex., under said facts, which make defendant guilty of a crime, trespass, and offense in Real county, Tex.

"Tenth. That the said plaintiffs and each of them were continually called upon by the defendant bank to pay said notes, and continually did the said bank at each and all of said dates falsely and fraudulently represent to these plaintiffs in Real county, Tex., that the said notes were valid and binding, both in law and in fact, and continued to make said representations from the time that the first note became due continuously until along about December, 1915; and these plaintiffs being ignorant of the law, and gulled into securing the indebtedness of E. A. Richardson by said bank, believing said notes and all of them to be valid and binding obligations, and believed that they were in duty bound to pay same under the law and in fact, and relied solely upon said representations of said bank, and believed that in the payment and discharge of said two notes that they had discharged a valid and binding obligation, and which said payment at all times up until December, 1915, as represented by said bank in Real county, Tex., was so, and they did not find out such representations were false and fraudulent until December, 1915, or thereabouts, and after said defendant filed suit on said note, still representing them to be valid and binding obligations, and then for the first time these plaintiffs discovered that the said notes were not binding obligations, and that all representations to procure their execution were false and fraudulent, and for the first time found out that the payment of said notes had been brought about by false and fraudulent representations, and for the first time found out that said notes were invalid and had not secured all said sums of money which they had paid.

"Eleventh. Wherefore these plaintiffs say that

not only was the execution of said notes procured by false and fraudulent representations, but say they were absolutely void, and that, in addition to the said bank having fraudulently and falsely obtained the execution and delivery thereof, they had falsely and fraudulently obtained possession of the money paid on said notes, and have taken and appropriated the money of these plaintiffs to their own use and benefit, and have caused these plaintiffs to pay out to the said bank, and said bank had received, by reason of all the false and fraudulent representations, statements, and promises, contracts, and acts of said bank, the full sum of $2,000.

"Twelfth. Plaintiffs say, in the alternative, that in case it be found that the said R. F. Arnold was not the duly authorized agent of said bank, as aforesaid, at the time he made the false and fraudulent representations and statements to these plaintiffs, in Real county, Tex., then they say that the said bank participated in the said false and fraudulent representation so made by the said Arnold, in Real county, Tex., to the said plaintiffs, that they accepted the said notes and accepted the payment thereof, and thereby ratified and confirmed said act, statements, and representations, and the said bank did so ratify all of said statements, and representations, and reaped the benefits thereunder, they cannot now deny that the said Arnold was not their agent and attorney and did so act within the apparent scope of his authority.

"Thirteenth. And plaintiffs further say that the accepting, receiving, and appropriation of said money was not a separate and distinct transaction, but was the reaping of and gathering together of and appropriating the fruits of the fraud, and a part and parcel of said fraud and culmination thereof."

The court sustained a general demurrer to the controverting plea, and rendered judgment sustaining the plea of privilege, and ordered the cause transferred to the district court of Young county, Tex.

This appeal is from the order sustaining the plea of privilege.

If the Richardsons alleged any right to recover the $2,000, it was expressed in the allegations that the execution of the notes was procured by fraud and the payment of the money was induced by fraud. The fraud was the act of the bank through its agent, and a part of the fraudulent acts were committed in Real county. This alleged fraud being a material allegation of the cause of action, we think the facts of this case bring it within exceptions 7 and 28 of article 1830, Vernon's Sayles' Texas Statutes, and we are of the opinion that the court erred in the order sustaining the general demurrer to the controverting plea, and erred in its judgment sustaining the plea of privilege, and in its order transferring the cause to the district court of Young county. The plea of privilege should have been overruled. American Warehouse Co. v. Ray, 150 S. W. 765, § 2; Commercial Nat. Bank v. Bank, 77 S. W. 239, § 3; Martin v. Frank, 125 S. W. 958; Hunt County Oil Co. v. Scott, 28 Tex. Civ. App. 213, 67 S. W. 451; Townsite Co. v. Sawmill Co., 133 S. W. 714.

It is doubtless not necessary to add that we are considering only the plea of privilege and controverting plea; but because the law permitting appeals from orders sustaining a plea of privilege, like other appeals from interlocutory orders, became effective about June 21, 1917, it may be well to call attention to the fact that our ruling herein has no reference to or bearing upon the sufficiency of the original petition nor the merits of the cause.

The judgment is reversed, and the cause remanded for trial in the district court in Real county, Tex.